ELLIOTT, Respondent, v. BIDWELL, Appellant.

(152 N. W. 286.)

(File No. 3756.     Opinion filed April 28, 1915.     Rehearing denied June 19, 1915.)

1.   Trial—Taking Case from Jury—Undisputed Evidence.

In a suit for labor and material furnished, undisputed evidence by defendant's tenant that she was expressly authorized by him to contract for the work, and by plaintiff that defendant

admitted the authorization, was sufficient to justify taking the issue of defendant's liability from the jury.

2. **Trial—Damages—Excessive Verdict—Evidence.**

   Where the verdict against respondent was in accord with his own testimony, which testimony the jury were at liberty to believe even though there was other evidence upon which verdict for the lesser amount might have been found, **held,** the verdict was not excessive.

3. **Partnership—Claim for Labor and Material, Assignment to Partner—Validity.**

   A claim for labor and material may be assigned in writing by a partnership to one of its partners.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by J. J. Elliott against Frank A. Bidwell, to recover for the value of labor and material furnished. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Herbert E. Hitchcock,* for Appellant.

. *Spangler & Haney,* for Respondent.

(3) Under point three of the opinion, Appellant cited: Civ. Code, Sec. 1741, subd. 1.

WHITING, J. [1, 2] Plaintiff sued to recover the reasonable value of labor and material furnished by his assignors in the improvement of certain rooms of a building owned by defendant. This cause is before us upon an appeal from a judgment in favor of plaintiff and from an order denying a new trial The trial court submitted to the jury but one question, the reasonable value of the labor and material furnished; thus taking from the jury an issue made by the pleadings, the liability of defendant for any of such work or material. The appellant assigns as error the taking of such issue from the jury, and he contends there is no evidence sufficient to show that defendant was liable for the work done and material furnished. Plaintiff's assignors were employed to do this work by two of the tenants of such building. These tenants occupied separate rooms. One of these tenants testified that she was expressly authorized to employ these parties to do the work done on the rooms occupied by her. Plaintiff testified that defendant admitted to him that he had authorized these tenants to have work done, but did not suppose they would have so much done. The above testimony was not disputed. The

claim that there was no evidence sufficient to show defendant liable is not well founded. Another question would be presented if appellant had excepted to the court's taking the issue of liability from the jury and had based such exception upon the ground that, at least as to the work done on the rooms of the second tenant, appellant's liability rests upon the uncorroborated testimony of a party to the action. Appellant contends that, under the evidence, the verdict was excessive. The verdict was in accord with respondent's own testimony, which testimony the jury were at liberty to believe even though there was other evidence upon which a verdict for a lesser amount might have been based.

[3] Appellant contends that respondent was not the owner of the claim—that such a claim could not be assigned by a partnership to one of its members even though, as in this case, such assignment was in writing. This contention is without merit.

Other matters are assigned, but none meriting separate notice. The record presents no reversible error.

The Judgment and order appealed from are affirmed.